IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHNNY JAMES HICKMAN,           :

    Petitioner,                 :

vs.                             :     CIVIL ACTION 12-00608-CB-N

CYNTHIA WHITE,                  :

    Respondent.                 :


REPORT AND RECOMMENDATION

Petitioner, an Alabama prison inmate proceeding pro se, filed a petition under 28 U.S.C. § 2254 and a Motion to Proceed Without Prepayment of Fees (Docs. 4,5). This action, which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and the standing order of general reference, is before the Court for Petitioner's failure to prosecute and to obey the Court's order.

On November 2, 2012, the Court ordered Petitioner to file this court's form for a Petition for Habeas Corpus and a Motion to Proceed Without Prepayment of Fees or pay the $5.00 filing fee by November 26, 2012 (Doc. 3). On November 9, 2012, Petitioner filed his petition under 28 U.S.C. § 2254 (Doc. 4) and on November 13, 2012, Petitioner filed his motion to proceed without prepayment of fees (Doc. 5). On November 14, 2012, the Court ordered Petitioner to re-file his motion to proceed without prepayment of fees with the required signed certificate from the institution and a copy of the institutional record of his inmate account reflecting transactions in his account for the three-month period immediately preceding the filing of his petition by

December 14, 2013 (Doc. 6).  Petitioner failed to respond to the Court's Order.  On February 7, 2013, the Court again ordered Petitioner to re-file his motion to proceed without prepayment of fees with the required signed certificate and a copy of his inmate account by March 7, 2013 (Doc. 7). On February 21, 2013, the Court received return mail of Doc. 7 marked as "undeliverable" (Doc. 8). The Court contacted ADOC and discovered Petitioner had been transferred to Fountain Correctional Facility. On March 7, 2013, the Court again ordered Petitioner to re-file his motion to proceed without prepayment of fees by April 5, 2013 (Doc. 9).  Petitioner failed to respond in any manner and did not seek additional time in which to comply.  On April 15, 2013, the Court issued an order giving Petitioner one final opportunity to re-file his motion to proceed without prepayment of fees by May 15, 2013 as previously ordered.  (Doc. 10).  The Court's orders (docs. 9 & 10) have not been returned.  Petitioner has failed to respond in any manner to either order.

   Petitioner was repeatedly warned that his failure to comply with the order within the prescribed time would result in a recommendation of dismissal of his action.  Notwithstanding this admonition, Petitioner has not filed this court's motion to proceed without prepayment of fees or paid the filing fee, nor has he otherwise responded to the Court's orders.

   Due to Petitioner's failure to comply with the Court's order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  <u>Link v. Wabash R. R.</u>, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss <u>sua sponte</u> an action for lack of prosecution); <u>World Thrust Films, Inc. v. International Family Entertainment, Inc.</u>, 41 F.3d 1454, 1456-57 (11th Cir. 1995); <u>Mingo v. Sugar</u>

Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).   Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 254 Cases (December 1, 2009). A certificate of appealability ("COA") may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2).   When a habeas petition is being dismissed on procedural grounds, such as in the instant case, without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v McDaniel. 59 U.S. 473, 484 (2000); see Miller-El v Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Petitioner has failed to comply with the

Court's orders and to prosecute this action, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further, *See* Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed, thus, he is not entitled to a certificate of appealabilty.

## CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED without prejudice,** and that no Certificate of Appealability should issue.

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this 31st day of May, 2013.

                                           s/KATHERINE P. NELSON
                                           UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   See 28 U.S.C. ' 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

>   A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a Statement of Objection to Magistrate Judge's Recommendation within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.   Pursuant to 28 U.S.C. §1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.